CARTER, C.J.
[pAPPellant, a public body, appeals the judgment denying its petition for writ of mandamus and declaratory judgment. Appellant sought an order directing the St. Helena Clerk of Court to erase three recorded judgments filed in the St. Helena Parish mortgage records and a declaration that the three judgments have no effect as to third party purchasers. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
At the center of this dispute are three judgments recorded in the mortgage records of St. Helena Parish regarding suit number 15,533, Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc. and St. Helena Parish Hospital:
1. Judgment rendered January 9, 1998, Mortgage Book 197, Page 191.
2. Judgment rendered March 11, 2003, Mortgage Book 187, Page 2.
3. Judgment rendered May 16, 2002, Mortgage Book 188, Page 138.
The filing of the judgments created judicial mortgages[1] in favor of Holly and Smith Architects, Inc. and against property held by St. Helena Congregate Facility, Inc. and St. Helena Parish Hospital Service District No. 1 (collectively St. Helena Hospital). It is undisputed that St. Helena Hospital is a public body and that its property is part of the public fisc.
|sOn June 10, 2004, appellee, Holly & Smith, filed a motion to examine its judgment debtor, appellant, St. Helena Hospital. In response, St. Helena Hospital sought a motion to quash or a protective order. St. Helena Hospital also filed a petition for writ of mandamus entitled Hospital Service District No. 1 of the Parish of St. Helena d/b/a St. Helena Parish Hospital v. Beverly Gordon, Clerk of Court, suit number 18694. Therein, St. Helena Hospital sought a court order for cancellation of the three judicial mortgages.
Thereafter, Holly & Smith filed its own petition for writ of mandamus in suit number 15533, seeking an order directing St. Helena Hospital to pay the three judgments rendered in favor of Holly & Smith and against St. Helena Hospital. The two district court proceedings, 15533 and 18694, ultimately were consolidated on motion of Holly & Smith.
On October 29, 2004, the trial court signed a judgment granting St. Helena Hospital’s motion to quash or for a protective order in regard to the judgment debt- or rule, denying Holly & Smith’s petition for writ of mandamus seeking payment, denying St. Helena Hospital’s petition for writ of mandamus seeking erasure, and denying St. Helena Hospital’s request for a declaratory judgment regarding the effect of the judicial mortgages on third party purchasers.
St. Helena Hospital appeals, identifying three issues for this court’s consideration:
*617 1. Does the Louisiana Constitution permit judgment liens to be placed on the property of hospital service districts?
2. Should the clerk of court be ordered to erase inscribed judgments against St. Helena Hospital from the mortgage records so as to remove the lien created by recording such judgments?
|43. Does a third party take property from St. Helena Hospital subject to a lien created by judgments against St. Helena Hospital that are recorded in the mortgage records of the parish?
DISCUSSION
St. Helena Hospital maintains that Article 10 of the Louisiana Constitution and LSA-R.S. 13:5109 prohibit the recor-dation of judgments against public property, and for that reason, it is entitled to mandamus relief ordering the judicial mortgages erased and to a declaration that the judicial mortgages have no effect against third party purchasers. Finding St. Helena Hospital’s arguments unpersuasive, we affirm.
Neither the state, a state agency, nor a political subdivision is immune from suit and liability in contract or for injury to a person or property. LSA-Const. art. XII, § 10A. The Louisiana Constitution mandates that the Louisiana Legislature provide a procedure for suits against the state, state agencies, or political subdivisions. The legislature also “shall provide for the effect of a judgment.” LSA-Const. art. XII, § 10C
The Louisiana Constitution places only two prohibitions on the legislature’s authority to provide for the “effect of a judgment.” “[N]o public property or public funds shall be subject to seizure ... [and] no judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated by the legislature or by the political subdivision against which the judgment is rendered.” LSA-Const. art. XII, § 10C; Baudoin v. Acadia Parish Police Jury, 96-1288 (La.App. 3 Cir. 9/17/97), 702 So.2d 715, 717, writ denied, 97-2546 (La.12/19/97), 706 So.2d 458.
| ¡¡Pursuant to Article XII, § 10C, the Louisiana Legislature enacted LSA-R.S. 13:5109B(2), which provides that judgments against public bodies are to be paid “only out of funds appropriated for that purpose” by the public body against which the suit was filed.
As noted by counsel for appellee, the enabling statutes for hospital service districts such as St. Helena Hospital, LSA-R.S. 33:7701 et seq., contain no prohibition on the placement of a judicial mortgage on the property of hospital service districts. In contrast, legislation does exist prohibiting the filing of judgments as charges or liens against other types of public property. Consider LSA-R.S. 33:4720.64A, which provides that no judgment against the New Orleans Redevelopment Authority shall “be a charge or lien upon such property.” In LSA-R.S. 33:7621A and LSA-R.S. 47:8021A, similar language is used to protect the property of New Community Development Corporations and Tax Incremental Development Corporations respectively.
The legislature’s decision to legislatively restrict the effect of judgments against certain types of public property, by inference, supports the conclusion that unless specifically prohibited, judicial mortgages may be placed on public property. And although LSA-Const. art. XII, § 10C prohibits the seizure of public property subject to a judicial mortgage, there are no additional confines on the effect of the judicial mortgage on third party purchasers of that public property. See LSA-C.C. art. 3307.
*618 | «CONCLUSION
Article XII, § 10 and LSA-R.S. 13:5109B provide a method by which judgments rendered against the state or its political subdivisions may be paid. Foreman v. Vermilion Parish Police Jury, 336 So.2d 986, 989 (La.App. 3 Cir.), writ refused, 339 So.2d 846 (La.1976). Although the judgment against St. Helena Hospital is not exigible and payable without St. Helena Hospital first appropriating the funds, neither the constitution nor the statutory scheme prohibits the filing in the mortgage records of a judgment against a hospital service district such as St. Helena Hospital. Nor does the constitution or the statutory scheme entitle St. Helena Hospital to a declaration that the judicial mortgages on its property are without effect on third party purchasers.
Finding no error in the trial court’s judgment, we affirm. Costs of this proceeding in the amount of $573.00 are assessed to appellant, St. Helena Hospital.
AFFIRMED.
DOWNING, J., dissents and assigns reasons.
DOWNING, J.
h‘Tt is an axiom of the law that no one can do indirectly what he cannot do directly.” Central Louisiana Elec. Co. v. Louisiana Public Service Commission, 253 La. 553, 563, 218 So.2d 592, 596 (La.1969). The majority’s ruling allows a plaintiff to indirectly make judgments against the State’s political subdivisions exigible and payable without the political subdivision first appropriating the funds. Here, the St. Helena Congregate Facility, Inc., and St. Helena Parish Hospital are undisputedly political subdivisions of the State. And to accomplish the sale of their immovable property, they will be forced to either pay the judgment liens or accept a price reduced to account for the value of the liens. Either way, while a seizure and sale of public property is not technically ordered here, the political subdivision effectively is required to pay off the liens. As such, the majority authorizes violation of La. Const, art. XII, § 10C and La. R.S. 13:5109B(2). This is beyond our authority. Therefore, I respectfully dissent.

. The filing of a judgment in the mortgage records creates a judicial mortgage. LSA-C.C. art. 3300.